```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND EDWARD OSTRANDER, JR.    :      CIVIL ACTION
                                 :
             v.                  :
                                 :
SCI GRATERFORD, et al.           :      NO. 08-203
```

MEMORANDUM

Bartle, C.J.                                        May 29, 2008

    Plaintiff Raymond Edward Ostrander, an inmate at the State Correctional Institute at Graterford, Pennsylvania ("Graterford"), seeks damages under 42 U.S.C. § 1983 from defendants Graterford and its alleged employee, Dr. Stefanic, for a violation of his constitutional right to adequate medical care. Defendants move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    Defendant Graterford is a correctional institution under the control of the Pennsylvania Department of Corrections, which is part of the Commonwealth of Pennsylvania. See 71 Pa. Cons. Stat. Ann. §§ 61, 831-832. Graterford argues that plaintiff's claims against it must be dismissed because the Eleventh Amendment to the United States Constitution bars suits for damages "against states [and] state agencies... unless the state has consented to the filing of such suit." See Roach v. SCI Graterford Med. Dep't, 398 F. Supp. 2d 379, 383 (E.D. Pa. 2005). The Commonwealth of Pennsylvania has withheld such consent. See 42 Pa. Cons. Stat. Ann. § 8521(b). We are

therefore dismissing plaintiff's claim against defendant Graterford because that claim is barred by the Eleventh Amendment.

Defendant Dr. Stefanic argues that plaintiff has not alleged the "deliberate indifference to a serious medical need of the prisoner" required to establish a violation of his constitutional right to adequate medical care. Davis v. Collins, 230 Fed.Appx. 172, 174 (3d Cir. 2007). "A prison official is deliberately indifferent if the official knows of and disregards an excessive risk to inmate health or safety." Smith v. O'Boyle, 251 Fed.Appx. 87, 89 (3d Cir. 2007). Plaintiff alleges that after hurting his right hand in a fall, he was taken to the hospital where he was told that his hand was broken and that he needed to come back for surgery in a week. His allegations against Dr. Stefanic consist solely of the assertion that at some point thereafter, Dr. Stefanic scheduled an x-ray of his hand. Plaintiff does not allege any conduct on the part of Dr. Stefanic that evinces deliberate indifference to a serious medical need of plaintiff. We will therefore dismiss plaintiff's claim against Dr. Stefanic.

Accordingly, because we will grant both of the above motions, we will dismiss plaintiff's complaint in its entirety.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAYMOND EDWARD OSTRANDER, JR.    :       CIVIL ACTION
                                 :
             v.                  :
                                 :
SCI GRATERFORD, et al.           :       NO. 08-203
```

ORDER

AND NOW, this 29th day of May, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendant SCI Graterford to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED; and

(2)  the motion of defendant Dr. Stefanic to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED.

BY THE COURT:

/s/ Harvey Bartle III
C.J.